■ In the Matter of MOON LUCK CORP., Appellant, v ELINOR GUGGEN-HEIMER et al., Respondents.—Judgment, Supreme Court, New York County, entered May 19, 1978, confirming the determination of respondent Department of Consumer Affairs and dismissing the petition is unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, the petition reinstated and granted to the extent that respondent Department of Consumer Affairs is directed, subject to an updated investigation of compliance with all other requirements for issuance of a license, to issue to petitioner a cabaret license with a limitation that musical entertainment not exceed one piano and two string instruments. The proceeding was submitted to the trial court on a stipulation of facts agreed to by the parties. The petitioner operates a restaurant and bar business at Whitestone, Queens, and in May, 1956 there was issued for said premises a certificate of occupancy which permitted the use of the cellar for a cabaret (one piano and two string instruments), and the first floor for a restaurant, catering and cabaret (one piano and two string instruments). It is conceded that petitioner has a right to continue whatever uses are provided in the 1956 certificate of occupancy regardless of the fact that the uses do not conform to a 1961 zoning resolution limiting uses to residential from restricted retail. Section 1(hh) of the zoning resolution in effect at the time of issuance of the certificate of occupancy defined cabaret as a place where "musical entertainment, singing, dancing or other similar amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except that

it shall not include * * * a restaurant where only a piano or organ with or without not more than two string instruments is played." Trial Term interpreted the 1956 certificate of occupancy not under the above-quoted definition of "cabaret" but, rather, pursuant to the later enacted subdivision 3 of section B32-296.0 of the Administrative Code of the City of New York which excludes from the definition of "Cabaret" eating or drinking establishments providing incidental music without dancing. In this the court erred. The issue to be decided was the meaning of "cabaret" used in the 1956 certificate of occupancy under definitions then in effect. Since section 1(hh) of the zoning resolution excluded from the definition of "cabaret" eating or drinking establishments with incidental music but no dancing, it follows ineluctably that the term "cabaret" in the certificate of occupancy refers to a more extensive use. Under the definition in section 1(hh), that use must authorize dancing. In view of the stipulation of the parties, petitioner has a right to continue that use which was rendered nonconforming by the 1961 zoning resolution. To do so, however, petitioner requires a cabaret license. Since the scope of the use permitted by the certificate of occupancy is stipulated to be the only obstacle to issuance of a cabaret license, limited to one piano and two strings, we have directed its issuance subject to an updated investigation of compliance, as the parties likewise stipulated. Concur—Kupferman, J. P., Birns, Evans and Lane, JJ.